## Smith vs. Latimer.

### APPEAL FROM BOYLE CIRCUIT.

ORD. PET.

Case 12.

```
15bm 75
e104 105
d104 106
```

One of several joint and several obligors may pay off the note to the obligee, and by agreement with the obligee reserve the right to sue the other joint and several obligor at law, in the name of the obligee upon the note.

Case stated.

Smith, the appellant, and Wade, executed their joint and several obligations to Nichols for the payment of money. Nichols, by indorsement on the note, assigned it to Latimer. Wade having died, his administrator paid to Latimer the full amount of the note, and agreed at the time, that Wade's administrator might prosecute a suit upon the note, in his own name, against Smith, the other obligor, which Wade's administrator has done. Smith, to that suit upon the note, pleaded payment, and proved by the administrator that he had paid off the note to Latimer, the assignee; and that, when he paid off the note, Latimer agreed that he, the administrator, might bring suit upon the note in his, Latimer's, name, for his own indemnity.

The Circuit Court, at the instance of the plaintiff, decided that if the administrator of Wade, in making the payment of the note, retained the right to sue thereon in the name of Latimer, for the benefit of Wade's estate, that the action could be maintained, to which the defendant objected. The jury found for plaintiff for the whole amount of the note, and the defendant has appealed to this Court.

*B. & J. Monroe*, for appellant—

The instruction of the Court was erroneous. The payment of the sum due upon a note or bond by one who is legally bound for its payment, is an extinguishment of the legal liability of all who were bound. And it is denied that by any contract between the holder of the obligation and one of the obligors, any change could be made in the legal responsibility of the joint obligors, or either of them.

A surety who pays a note has a right to sue in assumpsit to recover the money which he has paid as surety; a joint, or a joint and several obligor, who is principal and not surety, has a like remedy for contribution, if he only owes part of the debt; and so has a joint surety against his co-surety. This action of assumpsit is an equitable action, in which all the rights of the parties may be fairly adjusted. This we understand to be the law of the case—just as clearly an extinguishment of all right of action upon the note, as a release to one of two joint and several obligors.

There is nothing in the Code of Practice which sanctions such a proceeding. That requires the suit to be in the name of the real party interested.

*Bell & Fox*, for appellee—

Wade and Smith executed their joint and several note to Nichols, who assigned it to Latimer. Wade died, and G. S. Caldwell, his executor, paid to Latimer the amount of the note, reserving, however, by contract with Latimer, the right to sue Smith and force him to pay it—the testimony being that it was Smith's debt, or, rather, that he owed it as between him and Wade.

If the note had been directly executed by Wade and Smith, it would have amounted to, and have been, the note of Smith to Wade, individually, and Wade or his executor could have sued Smith. (*Morrison vs. Stockwell*, 9 *Dana*, 172, 1 *Ib.* 68, *Allen vs. Shadburn.*) If such a note as last mentioned would not have been invalid, certainly the note is not invalidated

by Wade's executor having paid it and taken to himself the right to sue and force Smith to pay the amount which, as between Wade and Smith, the latter owed. The executor first took a direct assignment, but immediately had it erased, and reserved the equitable right to sue for the benefit of Wade's estate in the name of Latimer. We think there is no error to the prejudice of Smith, and ask an affirmance.

Chief Justice MARSHALL delivered the opinion of the Court.

December 16.

In support of a plea of payment in this action, brought in the name of Latimer, as assignee, against Smith, on a joint and several note executed by Wade and Smith, for part of the purchase money due for property purchased by them, it was proved that before the commencement of the suit the executor of Wade had paid to Latimer the full amount of the note, but with the agreement that he was to have the right to sue in Latimer's name, and collect the money from Smith, as he owed it, and the executor had paid more than Wade's share of the debts. On this evidence, which was uncontradicted, the court instructed the jury to the effect that if, in making the payment, the executor of Wade retained the right to sue upon the note in the name of Latimer, for the benefit of Wade's estate, the action might be maintained, and they must find for the plaintiff. A verdict and judgment having been rendered for the plaintiff, Smith brings up the case upon the single question as to the propriety of the instructions. Whatever may formerly have been held as to the effect of the transaction as above stated, the recent decisions of this court, paying more regard than formerly to the intention of the parties and to the equities of the case, have determined that the payment, or, as it may rather be called, the advance to the creditor by one of two joint obligors of a sum equal to the entire demand, under such an agreement as is above stated, does not extinguish

One of several joint and several obligors may pay off the note to the obligee, and by agreement with the obligee reserve the right to sue the other joint and several obligor at law, in the name of the obligee upon the note.

the entire obligation, but may leave it in force as furnishing a remedy for doing justice to the obligor who has made the advance. In other words, one co-obligor is allowed to purchase the remedy of the obligee against the other obligor, and to enforce it at law in the name of the obligee for procuring contribution or full payment, as he may be entitled to the one or the other.

The cases of *Allen vs. Shadburn*, 1 *Dana*, and *Morrison vs. Stockwell*, 9 *Dana*, make some advance towards disregarding the objection of apparent interest of the same person on both sides of the suit; and subsequent cases have followed them. The case of *Kouns vs. the Bank of Kentucky*, 2 *B. Monroe*, 303, approaches more nearly to sanctioning a reservation of the legal remedy for the benefit of a surety, under an agreement for such reservation. But the case of *Morris vs. Evans*, 2 *B. Monroe*, 84, gives full effect to such reservation by one of two judgment debtors, making payment or advances upon the agreement that he shall have the right to control the execution, and decides that whether he be surety or co-principal, his right should be sustained in a court of law, against the plaintiff's motion to quash the execution; and that the only difference between a case of payment by a surety and by a co-principal upon such agreement, is, that the former may be entitled to the whole, and the latter to a part, only, of the sum paid.

We think that the same principle has been heretofore applied by this court to the rights of parties in actions on notes or bonds not reduced to judgment, though we have not found such a case reported. But the rights of the parties would seem to be more definitely fixed by a judgment than by a note or bond, and would seem to be more susceptible of modication under a mere written than under a record evidence of debt. The fact of absolute payment, or satisfaction by a party bound, is equally operative to extinguish either, and as the fact may be explained and its effect modified by agreement in

case of an obligation evidenced by judgment, there seems to be no good reason why it may not be when the obligation is evidenced by mere writing. The fact itself is mere matter *en pais*, which may well operate, and it, as would seem, ought to operate according to the intention of the parties to it. And, as it is an obvious principle of equity long recognized and enforced as such, that the payment of an obligation by one who is a mere surety, whether so originally or made so by subsequent facts, entitles him to subrogation to the rights of the obligee for his own indemnity, though there be no agreement to that effect. We do not see why an express agreement to the same effect, made at the time of payment, and therefore entering into and qualifying that fact, may not be regarded and enforced by a court of law. The case of assignments of choses of action, which though once considered by courts of law as wholly inoperative against the assignor, have, under the influence of equitable principles, come to be respected and enforced by those courts in actions in the name of the obligee, affords an example, and, by analogy, a precedent for the advances towards equity, made by this court in giving effect to agreements between the holder of a note or bond and one of the obligors, with respect to the consequences of a payment made by him.

As in this case, there was no attempt to show that the executor of Wade was not entitled to look to Smith for reimbursement of the whole amount of the note, no question arises as to the effect which might be given in a court of law to such a fact.

And as, in our opinion, the instruction and the verdict were right upon the case as presented, therefore the judgment is affirmed.